SO ORDERED: February 7, 2013.



Robyn L. Moberly
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DAVID WILLIAM KAUFMAN | ) CASE NO. 12-11116-RLM-7A |
| | ) |
| Debtor | ) |

**ORDER SUSTAINING TRUSTEE'S OBJECTION
to DEBTOR'S CLAIM OF EXEMPTIONS**

This matter came before the Court on January 9, 2013 upon the objection filed by the Chapter 7 trustee, Jenice Golson-Dunlap, to the Debtor's claimed exemption in the cash value of two life insurance policies in which the Debtor's deceased wife was beneficiary. The Court took ruling on the matter under advisement and the parties filed post hearing briefs on January 30, 2013. For the reasons below, the Court sustains the Trustee's objection.

### *Background*

The Debtor filed his chapter 7 case on September 18, 2012 (the "Petition Date').

1

As of the Petition Date, the Debtor owned two life insurance policies issued by Prudential and AXA Equitable (the "Policies") in which Janet Kaufman ("Janet") was named the beneficiary.  Prior to the Petition Date, Janet died and the Debtor had not named a new beneficiary.  It was not until after the Petition Date that the Debtor remarried and named his new wife as beneficiary under the Policies.  In his Schedule I (monthly income) filed with the Petition, the Debtor listed he had no dependents.  The Debtor claimed as exempt the entire cash surrender value of the Policies, and the parties have stipulated that the cash surrender value of the policies as of the Petition Date was $13,881.47.

## *Discussion*

All legal or equitable interests held by a debtor in property becomes "property of the estate" upon the filing of a voluntary chapter 7 petition.  *Matter of Jones*, 768 F.2d 923, 926 (7th Cir. 1985). .  Whether property is "property of the estate" is limited to that property which a debtor owns as of petition date and is a federal question decided by federal bankruptcy law.  However, the nature and extent of a debtor's interest in "property of the estate" is a question of state law.  *In re Quality Health Care*, 215 B.R. 543, 560 (Bankr. N. D. Ind. 1997), appeal denied, sub nom. *Gouveia v. I.R.S.*, 228 B.R. 412 (N. D. Ind. 1998).  Section 522(b) of the bankruptcy code allows for certain property of the estate to be exempt from the trustee and exemptions are determined as of the date the bankruptcy petition is filed.  *In re Lantz*, 446 B.R. 850, 858 (Bankr. N. D. Ill. 2011).  Indiana has opted out of those federal exemptions and has chosen to apply its own exemptions.  The Debtor here claims an exemption under Indiana's life insurance

statute, Ind Code §27-1-12-14, and therefore the Court will look to Indiana law to determine the propriety and extent of the exemption. See, *In re Wandrey*, 334 B.R. 427, 429 (Bankr. N. D. Ind. 2005).

Ind Code §27-1-12-14(e) provides in general, that, where the named beneficiary is a spouse, child or other dependent of the insured, life insurance policies and proceeds therefrom shall be free and clear from the insured's creditors. The policy behind this exemption is to "protect beneficiaries, reliant on the proceeds of the insurance policy for their well being, from the claims of the decedent's creditors". *Estate of Chiesi v. First Citizens Bank, N. A.*, 604 N.E. 2d 3, 5 (Ind. Ct. App. 1992), opinion adopted 613 N.E. 2d 14 (Ind. 1993).

The Debtor argues in his brief that "Indiana's Statute (sic) is silent as to the effect of a designated spouse beneficiary passing away prior to the owner of the policy, but the language of Indiana's Statute does not require the beneficiary to survive and does not preclude the exemptions application even in the event of the beneficiaries (sic) prior death". [p 5]. The Court disagrees with this assertion. Indeed, if the purpose behind this exemption is to insulate from the reach of the insured's creditors the insurance proceeds held for the beneficiary while the insured is alive, then the statute has no purpose or application if the beneficiary predeceases the insured- the protections afforded the beneficiary under the statute are no longer needed.

Rather, the Court finds that the language within the Policies controls. Life insurance policies are contracts between the insurer and the insured, and hence are governed by the same rules of construction as other contracts. See, See, *Bowers v. Kushnick*, 774 N.E. 2d 884, 887 (Ind. 2002); *Asbury v. Indiana Union Mut. Ins. Co.*, 441

3

N.E. 2d 232, 236 (Ind. Ct. App. 1982).  The AXA Equitable policy contained a paragraph titled "Those Who Benefit from this Policy" that provided :

> Beneficiary.  The beneficiary is as stated in the application, unless later changed.  The beneficiary is entitled to the Insurance Benefit of this policy...The stated shares in the Insurance Benefit will be paid to any primary beneficiaries who survive the insured person.  If no primary beneficiaries survive, payment will be made to any surviving contingent beneficiaries...If there is no designated beneficiary living at the death of the insured person, we will pay the Insurance Benefit to the insured person's surviving children in equal shares.  If none survive, we will pay the insured person's estate.

Similarly, the Prudential policy provides in pertinent part:

> Beneficiary Provision.  There statements apply to the beneficiaries: (1) one who survives the Insured will have the right to be paid only if no one in a prior class survives the Insured; (2) one who has the right to be paid will be the only one paid if no one else in the same class survives the Insured; (3) Two or more in the same class who have the right to be paid in equal shares; and (4) if none survives the Insured, unless we state otherwise below, we will pay in one sum of the Insured's estate.

The upshot of the language in both Policies is, if the beneficiary predeceases the insured, the benefits under the Policies are paid ultimately to the insured's estate, provided the insured has not named any contingent beneficiaries and has no surviving children.  Since the insured here (Debtor) is not deceased, benefits under the Policies revert back to him and he had more than just a legal interest in those benefits as of the Petition Date.  The Indiana life insurance exemption under Ind Code §27-1-12-14 does not apply.  Therefore, the Court SUSTAINS the Trustee's objection and orders that the Debtor amend his Schedule C accordingly.  The Trustee and the Debtor shall work out the terms under which the non exempt portion of the value of the Policies shall be turned over to the Trustee.

### # # #

Distribution: Guy G. Kibbe, Attorney for the Debtor
Paul D. Gresk, Attorney for the Chapter 7 Trustee
Jenice Golson-Dunlap, Chapter 7 Trustee